# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 18, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ANDEA OWENS-BACHMANN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1720V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccination; |
| | * | Chronic Inflammatory |
| Respondent. | * | Demyelinating Polyneuropathy |
| * * * * * * * * * * * * | | (CIDP) |

<u>Danielle Strait</u>, Maglio Christopher and Toale (WA), Seattle, WA, for petitioner.
<u>Ryan Pyles</u>, United States Department of Justice, Washington, DC for respondent.

### DECISION[1]

On December 30, 2016, Andrea Owens-Bachmann ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccine received on October 9, 2013. Petition at 1-2.

On May 16, 2017, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion (ECF No. 12). The motion provided that "[a]n investigation of the facts and available science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Petitioner's Motion at ¶ 1. Petitioner understands that a decision by the special master dismissing her petitioner will result in a judgment against her, which will end all her rights in the Vaccine Program. <u>Id.</u> at ¶ 3. Petitioner intends to protect her rights to file a civil action in the future. <u>Id.</u> at ¶ 5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

   To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the records did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that petitioner's injury was caused by the flu vaccine she received on October 9, 2013. As the undersigned noted during the initial status conference, even the most liberal reading of the medical records would set the onset date of petitioner's injuries more than 110 days after she received the influenza vaccination on October 9, 2013, which is too far removed in time for a sufficient cause-in-fact analysis.

   Under the Vaccine Act, petitioner may not be given a Program award based on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. However, petitioners have not filed an expert report.

   Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that the injuries were "actually caused" by the October 9, 2013, flu vaccine. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

   **IT IS SO ORDERED.**

                       **/Thomas L. Gowen**
                        Thomas L. Gowen
                        Special Master